UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEREMY MATTIO                                          CIVIL ACTION

VERSUS                                                 NO. 05-871

BURL CAIN, WARDEN                                      SECTION C
LOUISIANA STATE PENITENTIARY

<u>ORDER AND REASONS</u>

Before this Court is a petition for habeas corpus relief by Mr. Jeremy Mattio

("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that he was

denied effective assistance of counsel. Petitioner also argues his right to due process of law was

violated under *Brady v. Maryland*, 373 U.S. 83 (1963). Upon a thorough review of the record,

the Court has determined that Petitioner's habeas corpus petition is without merit. For the

reasons set forth below, this petition is DENIED.

**I. Background**

Petitioner, Mr. Jeremy Mattio, is a state prisoner at the Louisiana State Penitentiary in

Angola, Louisiana.[1] On September 9, 1999, at a jury trial, Petitioner was found guilty of forcible

_____

[1] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person
in State Custody, *Mattio v. Cain*, No. 05-871.

rape.[2] He was adjudged a multiple offender on November 29, 1999, and was sentenced to thirty years of imprisonment.[3]

According to the Louisiana First Circuit Court of Appeal's,[4] which denied Mr. Mattio's appeal, Mr. Mattio's conviction was based on the following events that took place on August 24, 1997. On that date, as the victim attempted to leave the house of someone she visited, her car became stuck in the mud. She walked up to the main road and flagged down a white truck with two men inside. She told the men her vehicle was stuck in the mud and asked for help. The men tried to help remove her truck from the mud, but were ultimately unsuccessful. The men then carried the victim to her car to avoid having her walk in the mud. After placing her in the car, the men raped and assaulted her. After the mean left, the victim put on her clothes and ran into the woods to look for a house where she could find help. She stopped at the home of Bobby and Joann Bigner Burke. At trial, the victim identified Mr. Mattio in court as one of the men who had raped her. Mr. Mattio did not testify at trial, and argued that he had consensual sex with the victim on the night in question. Mr. Mattio's appeals and state applications for post-conviction relief were unsuccessful.

## II. Timeliness and Exhaustion

Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a Petitioner bring his Section 2254 claims within one year of the date on which his conviction or sentence became final, 28 U.S.C. § 2244(d)(1)(A), and requires that a Petitioner

---

[2] State Rec., Vol. 1 of 5 at 84, Verdict Form.

[3] State Rec., Vol. 1 of 5 at 90, Judgment.

[4] State Rec., Vol. 5 of 5, Judgment, *State v. Mattio*, No. 2001-KA-0059 (Dec. 28, 2001).

exhaust all of his claims before filing a federal habeas petition. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). The state does not contest the timeliness of the petition and does not contend that Petitioner failed to exhaust his administrative remedies. Therefore this Court will address the merits of the petition.

### III. Ineffective Assistance of Counsel

Petitioner's first claim is that he was denied effective assistance of counsel because counsel (1) failed to secure the presence of two crucial defense witnesses, Mr. James Guillory and Mr. Bobby Burke, both of whom had early and initial encounters with the alleged victim after the alleged rape, at trial; (2) failed to subpoena and inspect the alleged victim's medical records, which would have shown the degree of the victim's intoxication and provided support for his consent defense; (3) stipulated to damaging evidence, including DNA evidence and the witness's identification of Petitioner, that amounted to an admission that Petitioner had sex with the victim; (4) failed to inform Petitioner of the intricacies of the consent defense and the possible importance of Petitioner's testimony, which led Petitioner not to testify at trial and left Petitioner with no witnesses other than an investigator.[5]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct

---

[5] Fed Rec. Doc. 1 at 10-14, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Mattio v. Cain*, No. 05-871.

fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the petitioner is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*,

227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient

showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice,

it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact. *Moore v.

Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003).

Therefore, this Court must defer to the state court, which denied these claims, unless that

decision "was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

For the following reasons, this Court does not find that the state court decision was contrary to,

or involved an unreasonable application of clearly established federal law.

### Failure to Secure Presence of Two Witnesses

Petitioner's first argument is that his counsel was ineffective in failing to secure the trial

testimony of Mr. James Guillory and Mr. Bobby Burke, both of whom had early and initial

encounters with the alleged victim after the alleged rape. "Complaints of uncalled witnesses are

not favored, because the presentation of testimonial evidence is a matter of trial strategy and

because allegations of what a witness would have testified are largely speculative." *Boyd v.

Estelle*, 661 F.2d 388, 390 (5th Cir.1981) (*quoting Buckelew v. United States*, 575 F.2d 515, 521

(5th Cir.1978)). Petitioner has not established with certainty what the two witnesses would have

testified to, if they had been called. In spite of this, the Court will assume that the witnesses

would have testified to what Petitioner represents.

Mr. Guillory worked for Acadian Ambulance Services, who according to the investigator

who testified at defense counsel's motion for a new trial, saw the victim on the night of the

incident and would testify that the victim was on drugs when he saw her.[6] Mr. Guillory was subpoenaed, but never appeared at trial. Evidence, including an attending doctor's and the victim's testimony, was presented at trial that the victim was taking Xanax, an anti-anxiety medicine, at the time of the incident. Thus, Mr. Guillory's testimony would have been consistent with the state's presentation of evidence that the victim was, in fact, using drugs at the time he saw her. As to counsel's failure to secure the testimony of Mr. Guillory, this Court finds that Petitioner was not prejudiced. First, Petitioner has failed to explain how the fact that the victim was using alcohol or drugs on the night of the incident leads to a greater likelihood that she would have consented to sex. Indeed, evidence that the victim was intoxicated might have harmed the defendant's case. The only way this evidence might have been relevant is by impeaching the victim's testimony that she was not under the influence of any alcohol on the night of the incident. However, because Guillory's testimony was consistent with alternate evidence presented by the state, this Court finds that Petitioner has not shown a reasonable probability that the result of the trial would have been different had Mr. Guillory testified at trial.

As to Petitioner's second witness, Petitioner states that Mr. Burke would have testified that he smelled alcohol on the victim's breath when she arrived at the Burke residence. At trial, Mr. Burke's wife testified that her husband told her he smelled alcohol on the victim's breath.[7] However, she also testified that she held the victim in her arms and did not smell any alcohol on

---

[6]  State Rec., Vol. 5 of 5, Judgment at 10, *State v. Mattio*, No. 2001-KA-0059 (Dec. 28, 2001).

[7]  State Rec., Vol. 2 of 5 at 439, 444, Trial Transcript.

the victim.[8] Although Mr. Burke's testimony in Court may have helped to impeach the victim's testimony, this Court finds that Petitioner was not prejudiced by his counsel's failure to secure the testimony of Mr. Burke. Mr. Burke's testimony would have been expressly contradicted by his wife, who was in close proximity to the victim and able to smell her. Thus, this Court finds that Petitioner has not shown that this testimony undermines confidence in the outcome such that a reasonably probability exists that the result of the trial would have been different had Mr. Burke testified at trial.

**Failure to Inspect Victim's Medical Records**

Petitioner's second argument is that his counsel was ineffective in failing to subpoena and inspect the victim's medical records. Petitioner argues that these records would have shown the degree of the victim's intoxication and would have supported his consent defense. Dr. Theo Stafford, who performed the victim's rape exam, testified at trial that he detected "no smell of anything abnormal" when he examined the victim and found her to be "mentally competent, perfectly alert and oriented."[9] He testified that his findings, based on the examination of the victim, revealed an equal probability that she could have had consensual sex or could have been raped. He further testified that "women who have been raped will have no signs of physical trauma on vaginal exam."[10] In light of the fact that Dr. Stafford treated the victim at the hospital and testified at trial that she was alert and did not smell anything indicating that she had been drinking alcohol, this Court finds that the content of the medical records would not have

---

[8] State Rec., Vol. 5 of 5, Judgment at 5, *State v. Mattio*, No. 2001-KA-0059 (Dec. 28, 2001).

[9] State Rec., Vol. 3 of 5 at 582-583, Trial Transcript.

[10] Id. at 577.

sufficiently contradicted that testimony so as to prejudice the petitioner.

**Stipulating to Damaging Evidence**

Petitioner's third argument is that counsel was ineffective because he stipulated to damaging evidence, namely DNA evidence and the witness's identification of Petitioner, that amounted to an admission that Petitioner had sex with the victim. The trial minutes and transcript reflect, however, that defense counsel objected to the use of a photo identification, and that the objection was preserved for the record.[11] To the extent that counsel objected to the use of such evidence, this Court finds Petitioner's argument moot.

Counsel did, however, stipulate that the Petitioner was at the scene of the incident.[12] Counsel also stipulated that the finger print analysis report linking Petitioner to the scene of the incident, and the DNA report linking the defendant to the victim could be entered into evidence without the testimony of the person who prepared it.[13] To the extent that counsel may have stipulated to any evidence that tended to prove that the Petitioner had sex with the victim, the Court finds that Petitioner was not prejudiced. Counsel's defense strategy was that Petitioner had, in fact, had sex with the victim. It is well settled that a "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Ward v. Dretke*, 420 F.3d 479, 491 (5th Cir. 2005). Consent as a defense, when there is evidence that a defendant had sex with an alleged victim, is a reasonable trial strategy. Given the fact that the

---

[11] State Rec. Vol. 1 of 5 at 31, Minute from September 8, 1999; State Rec., Vol. 3 of 5 at 467, Trial Transcript.

[12] *Id.*

[13] State Rec., Vol. 3 of 5 at 486, 492, Trial Transcript.

witness had identified the Petitioner and the DNA evidence found on the victim was purported to match the Petitioner, the strategy defense counsel adopted likely succeeded in obtaining the most favorable outcome for his client. Thus, the Court finds that counsel's performance was not deficient in this regard.

**Failing to Inform Petitioner of Defense and Importance of Testimony**

Petitioner's fourth argument is that his counsel was ineffective because he failed to inform Petitioner of the intricacies of the consent defense and the possible importance of Petitioner's testimony. Counsel's failure, in turn, led Petitioner not to testify at trial and left Petitioner with no witnesses other than an investigator to support his consent defense. The "decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight." *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir.2002). A defense attorney may decide not to have his client testify on the stand for a variety of reasons, including the criminal history and demeanor of the defendant. Here, the defendant had previously pled guilty to simple burglary. While the Court cannot evaluate the other factors that went into defense counsel's decision to advise his client not to testify, based on the record before it, this Court cannot say it was an unreasonable strategy for the defendant not to testify at trial, and does not find that Petitioner was prejudiced.

Because Petitioner has not shown a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, this Court finds that it must deny this claim.

**IV. *Brady* Violation**

Petitioner also argues that his right to due process under *Brady v. Maryland*, 373 U.S. 83

(1963) was denied by the state withholding the criminal history of the victim which indicated the victim was the subject of a pending state DWI prosecution, which she pled guilty to several months after Petitioner was convicted.[14]

Petitioner's first argument is grounded in *Brady v. Maryland*, 373 U.S. 83 (1963), which holds that a state violates a defendant's due process rights when it fails to disclose to the defendant prior to trial "evidence favorable to an accused . . . where the evidence is material." *Id.* at 87; *see also United States v. Agurs*, 427 U.S. 97, 106 (1976). There are three elements to a *Brady* claim: (1) the evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be "material," in other words, prejudice must have ensued from its non-disclosure. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler*, 527 U.S. at 281-82. Evidence is "material" under Brady where there exists a "reasonable probability" that had the evidence been disclosed the result at trial would have been different. *Banks*, 540 U.S. at 698-99.

Petitioner states that, at trial, the victim testified she had a prior conviction for driving while intoxicated. Petitioner alleges that, if this Court were to grant an evidentiary hearing, his attorney would testify that he never received the information concerning the pending DWI prosecution.

Even assuming that the evidence was favorable and was suppressed by the State, this Court does not find that the evidence was material. Petitioner argues that he would have used

---

[14]  Fed Rec. Doc. 1 at 14-17, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Mattio v. Cain*, No. 05-871; State Rec., Vol. 5 of 5, Documents Relating to the Victim's Two DWI Convictions.

this information to establish that the victim had an alcohol problem and that she was stranded with her car stuck in the mud on the night of the incident because she had been drinking. However, it is likely that evidence of prior DWI convictions and the pending prosecution would have been inadmissible at trial to establish that the victim was drinking on the night of the incident. *See* La. C.E. Art. 404(B). Therefore, Petitioner cannot show that, if the information was withheld, he was prejudiced by withholding such information. Moreover, as noted earlier, Petitioner has not shown a correlation between the victim drinking alcohol and her consent. There is not a reasonable probability that the result of the trial would have been different. The Court finds that this claim has no merit.

**V. Conclusion**

Having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of JEREMY MATTIO for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 23rd day of March, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE